IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| MARIA F. WALLACE | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-08-CV-1262-L |
| | § | |
| INTERACTIVE LEARNING | § | |
| SYSTEMS | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Plaintiff Maria F. Wallace has filed a motion for appointment of counsel in this national origin discrimination case brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. There is no automatic right to the appointment of counsel in an employment discrimination suit. *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1309 (5th Cir. 1977). Rather, the decision is left to the sound discretion of the trial court. In determining whether to appoint counsel for an indigent plaintiff, the court must consider: (1) the merits of the claim; (2) efforts taken to obtain a lawyer; and (3) the financial ability of plaintiff to retain counsel. *See Gonzalez v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990); *Caston*, 556 F.2d at 1309. No single factor is conclusive. *Gonzalez*, 907 F.2d at 580.

Prior to filing suit, plaintiff filed a charge of discrimination with the EEOC. The agency investigated the charge and was "unable to conclude that the information obtained establishes violations of the statutes." (Plf. Compl, Attch. 1). Such a determination is "highly probative" in deciding whether to appoint counsel in a subsequent judicial proceeding. *See Gonzalez*, 907 F.2d

at 580; *Caston*, 556 F.2d at 1309. Although plaintiff may lack the financial resources to hire a lawyer, that factor alone does not warrant the appointment of counsel.

For these reasons, plaintiff's motion for appointment of counsel [Doc. #3] is denied without prejudice. Plaintiff may reurge her motion if this case survives dismissal after dispositive motions are decided.

SO ORDERED.

DATED: September 19, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE